## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 16-10015-CIV-MARTINEZ/GOODMAN

ASHLEY MANSEL, et al.,

      Plaintiffs,

v.

GLENTEX, INC., et al.,

      Defendants.

_____/

### ORDER ON MOTION FOR ATTORNEYS' FEES

In this Fair Labor Standards Act case, after Plaintiffs accepted offers of judgment and proposals for settlement from Defendants, the Court entered a final judgment in Plaintiffs' favor and against Defendants, reserving jurisdiction to award attorneys' fees and costs. [ECF No. 126]. Plaintiffs then moved for an award of attorneys' fees, seeking $137,885. [ECF No. 129]. Defendants filed an opposition response, disputing the reasonableness of the fees. [ECF No. 131]. Plaintiffs filed a reply. [ECF No. 134].

The parties had previously consented to the Undersigned issuing final orders on motions for attorneys' fees. [ECF No. 30-2, p. 1]. Accordingly, United States District Judge Jose E. Martinez referred the fee motion to the Undersigned under 28 U.S.C. § 636(c) for a final order. [ECF No. 130].

For the reasons stated below, the Undersigned **grants** the motion for attorneys'

fees and enters a **final judgment** of attorneys' fees in Plaintiffs' favor and against Defendants for **$137,885**, for which let execution issue.

## I.    Background

Plaintiffs Alena Caridad, Ann-Marie Douglas, Julieta Castanos, and Leah Mackenzie-Kerr worked as exotic dancers for Defendant Glentex, Inc., an adult entertainment club that goes by the name "Woody's." They are the surviving plaintiffs in this lawsuit, which began with 3 plaintiffs and once had as many as 10. The remaining Plaintiffs do not seek fees concerning the withdrawn claims. [ECF No. 129, p. 8].

Three of those former plaintiffs first brought a purported collective action against Glentex in April 2016, raising claims under the FLSA for unpaid overtime and minimum wage violations. [ECF No. 1]. They alleged that the club had misclassified its dancers as independent contractors when they were employees. They also alleged that Woody's improperly required its dancers to share their tips -- their only alleged form of compensation -- with non-eligible employees.

In its answer, Woody's admitted that the dancers were employees and not independent contractors. [ECF No. 17]. But Woody's denied any liability, arguing, among other things, that the dancers were not entitled to a tip credit, did not work the hours they claimed to have worked, and were exempt as commission workers.

The former plaintiffs then amended their complaint, transforming it into a hybrid

2

collective action and class action. [ECF No. 39]. The amended complaint added Michael

Pinter, Jr. as a Defendant, and it also added claims for violation of the Florida Minimum

Wage Act. The former plaintiffs, however, retained the allegations that Woody's was

misclassifying its dancers as independent contractors. Defendants answered the

amended complaint in much the same way as they did for the original complaint. [ECF

No. 41].

In August 2016, Plaintiffs filed their second amended complaint. [ECF No. 57]. At

this point, Plaintiffs did **not** allege that Defendants had misclassified them. Rather,

Plaintiffs alleged that Defendants had implemented an illegal tip-credit practice and

fraudulently documented time for the dancers. The second amended complaint was the

last operative complaint.

In November 2016, Defendants filed a motion for partial summary judgment on

the tip credit issue. [ECF No. 75]. Plaintiffs filed their own partial summary judgment

motion on the same issue. [ECF No. 76]. The parties fully briefed the summary

judgment motions. [ECF Nos. 85; 87–88; 89; 93].

Also, Plaintiffs moved to strike two declarations Defendants relied on for

summary judgment. [ECF No. 86]. The parties fully briefed that motion. [ECF Nos. 94;

98; 100]. Plaintiffs also moved *in limine* to strike the testimony of two witnesses, and the

parties also fully briefed that motion. [ECF Nos. 99; 104; 107]. And Plaintiffs also moved

*in limine* to preclude a supposedly new defense at trial, and the parties fully briefed that

3

issue as well. [ECF Nos. 113–15].

The parties also prepared for a bench trial, which was originally set for January 2017 but was then reset to May 2017. Among other things, the parties filed deposition designations and objected to deposition designations from the other side. [ECF Nos. 101–02; 105–06; 108]. They filed a joint pretrial stipulation with witness and exhibit lists. [ECF Nos. 103; 109]. And they filed proposed findings of fact and conclusions of law for the upcoming trial. [ECF Nos. 111–12].

On December 9, 2016, Defendants served Plaintiffs with offers of judgment under Federal Rule of Civil Procedure 68. [ECF No. 131-7]. These offers concerned both the FLSA claims and the Florida wage claims. Defendants offered $4,500 to Caridad; $10,000 to Douglas; $10,000 to Castanos; and $4,500 to Mackenzie-Kerr. Defendants also offered "reasonable attorney's fees and costs as of the time of this 'Offer' to be agreed upon by the parties or determined by the Court if the parties cannot agree as to the amount." [ECF No. 131-7, p. 1]. Defendants shortened the acceptance period for their offers, stating: you must state your acceptance ten (10) days after service *or said Offer shall be deemed to have been withdrawn*." [ECF No. 131-7, p. 1].

Plaintiffs did *not* accept those offers.

On February 1, 2017 (well after the December 9 offers expired by their terms), Defendants served Plaintiffs with *another* set of Rule 68 offers of judgment. [ECF No. 131-8, pp. 3, 7, 11, 15]. The February 1 offers were for the same individual amounts as

the December 9 offers. And the February 1 offers also included "reasonable attorney's fees and costs *as of the time of this 'Offer'* to be agreed upon by the parties or determined by the Court if the parties cannot agree as to the amount." [ECF No. 131-8, p. 3 (emphasis added)]. But the February 1 offers added a footnote concerning the December 9 offers, stating: "This offer of judgment does not affect or revoke the prior offer of judgment served on the Plaintiff on December 9, 2016, on the FLSA Minimum Wage claim." [ECF No. 131-8, p. 3].

The same day, Defendants also served Plaintiffs with *proposals for settlement* under Florida Rule of Civil Procedure 1.442 and Florida Statute § 768.79. [ECF No. 131-8, pp. 1, 5, 9, 13]. These proposals concerned Plaintiffs' Florida wage claims only. Defendants offered a nominal amount to Plaintiffs, $10 each, and expressly said that "there is no offer to pay attorney's fees and costs." [ECF No. 131-8, p. 1]. Defendants also included in each proposal the footnote about the December 9 offers of judgment: "This offer of judgment[1] does not affect or revoke the prior offer of judgment served on the Plaintiff on December 9, 2016, on the FLSA Minimum Wage Claim." [ECF No. 131-8, p. 1].

On February 9, 2017, Plaintiffs filed notices indicating that they had accepted the

---

[1]     The parties use the terms "offer of judgment" and "proposals for settlement" interchangeably, even though the former is used within Federal Rule of Civil Procedure 68 and the latter is used within Florida Rule of Civil Procedure 1.442 and Florida Statute § 768.79. Nonetheless, the body of each proposal and offer makes clear the applicable rule.

*February 1* offers of judgment under Rule 68. [ECF Nos. 116–20]. On March 2, 2017, Plaintiffs likewise filed notices indicating that they had accepted the proposals for settlement under Rule 1.442 and § 768.79. [ECF Nos. 121–24].

## II.   Analysis

### A.   *Starting Date for Plaintiffs' Attorneys' Fees*

Defendants argue that Plaintiffs are not entitled to any attorneys' fees incurred after December 9, 2017 -- when they served the *first* set of Rule 68 offers of judgment. They contend that the footnote in the *second* set of Rule 68 offers of judgment (and the concurrent proposals for settlement) was intended to cut off entitlement to fees incurred up to December 9, 2017. Plaintiffs disagree and argue that they are entitled to fees incurred up to February 1, 2018.

Plaintiffs are correct. By their terms, the December 9 offers of judgment were withdrawn *automatically* after Plaintiffs did not accept them within 10 days. [ECF No. 131-7, p. 1]. The footnote in the second set of offers and proposals was therefore inconsequential. The second set of offers and proposals indeed did not affect or revoke the December 9 offers, but only because the December 9 offers were *already automatically withdrawn*. Thus, there was nothing to affect or revoke.

Moreover, the second set of offers explicitly says that Plaintiffs will receive "reasonable attorney's fees and costs *as of the time of this 'Offer*,'" which was February 1, 2018. [ECF No. 131-8, p. 3 (emphasis added)]. If Defendants wanted to have an earlier

fee-cutoff date, then they should have said it. They could have simply said that Plaintiffs will receive "reasonable attorney's fees and costs as of the time of [**the December 9, 2017 offer**].'" [ECF No. 131-8, p. 3 (emphasis added)]. But they did not.

Accordingly, the Undersigned will award reasonable fees and costs incurred up to February 1, 2018.

### B.    *The Lodestar Amount*

The Court must determine whether the amount of attorney's fees requested is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). This amount is normally termed the lodestar. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id*. at 1303.

### i.    **Reasonable Hourly Rate**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Id*. at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*. Moreover, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."

*Id*. A party can support the rate by direct evidence of charges by other lawyers in like circumstances, opinion evidence, or precedent. *See id*.

Plaintiffs seek compensation for attorney Chad E. Levy of $350 an hour and for attorney Harris Nizel of $300 an hour. Defendants do not challenge the reasonableness of those rates. [ECF No. 131, p. 8]. The Undersigned is also familiar with other, experienced FLSA attorneys whose hourly rates are between $300 and $350. The Undersigned may determine a reasonable award based on his own experience. *See Norman*, 836 F.2d at 1303; *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001).

Therefore, having considered the qualifications Plaintiffs presented, other prior decisions by courts in this District, and the Undersigned's own experience, and noting Defendants' lack of opposition, the Undersigned finds that $350 an hour for Mr. Levy and $300 an hour for Mr. Nizel are reasonable rates.

### ii.    Reasonable Hours Expended

Compensation for hours that are "excessive, redundant or otherwise unnecessary" should be excluded from the fees award. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Court must omit those hours which would be unreasonable to bill to a client "irrespective of the skill, reputation, or experience of counsel." *Id*. The Court must also subtract time expended on "discrete and unsuccessful claims." *Id*. at 1302.

Plaintiffs seek 167.5 hours for Mr. Levy and 264.2 hours for Mr. Nizel. [ECF Nos. 129-1; 129-2]. These amounts incorporate considerable discounting of fees. Plaintiffs do not seek fees for two other attorneys who billed 151.2 hours, which totals $41,695. [ECF No. 134, p. 1]. Plaintiffs also reduced the fees they seek for Mr. Nizel by 43%; that percentage encompasses 204.6 hours, or $61,380. [ECF No. 134, p. 1].

In addition, Plaintiffs reduced their requested fees further after conferring with opposing counsel (13.1 hours for Mr. Levy). [ECF No. 134, p. 1; 134-1]. For some inexplicable reason, Defendants included in their opposition response their itemized objections to Plaintiffs' counsels' time entries [ECF No. 131-9], but they did not also include Plaintiffs' *response* to the objections, which capitulated to several of them [ECF No. 134-1]. Defendants should have provided the Undersigned with the complete record to not create the wrong impression -- that objections remained pending when they had been *resolved.*

In any event, having reviewed the billing records, the Undersigned finds that the hours for which Plaintiffs seek compensation are reasonable. To be sure, Plaintiffs seek much more in fees than they recovered from the offers of judgment and proposals for settlement. But Plaintiffs' counsel did extensive work, including drafting and responding to dispositive and complex motions and preparing for trial. Plaintiffs' counsel also represented they spent significant hours in "document analysis, legal research, hundreds of communications with opposing counsel and five clients, written

9

discovery, [and] seven (7) depositions." [ECF No. 129, p. 10]. Moreover, Plaintiffs say that they accepted the offers because, although they believed that they would prevail at trial, the Court reset the trial to a time when several Plaintiffs would be out of the country, and they saw no chance of immediate recovery. [ECF No. 129, pp. 3, 5]. And Plaintiffs have already significantly reduced the fees they request.

The Undersigned also does not find that a broad 50% reduction in fees is warranted on the grounds that the proposals for settlement for the state law claims were inclusive of fees. Defendants do not justify that reduction by tying it to any specific time entry, let alone entries that would amount to 50% of the time billed. Defendants also provide no authority to justify that reduction. And as already mentioned, Plaintiffs have already reduced their fees significantly.

Therefore, with 167.5 hours billed by Mr. Levy at $350 an hour and 264.2 hours billed by Mr. Nizel at $300 an hour, the Undersigned awards Plaintiffs **$137,885** in attorneys' fees -- $58,625 for Mr. Levy and $79,260 for Mr. Nizel.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 6, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>:**
The Honorable Jose E. Martinez
All Counsel of Record